NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TIFANY PATTERSON,

    Plaintiff,

v.

FOREVER 21, INC.,

    Defendant.

Civil Action No. 16-05087 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Forever 21, Inc.'s ("Defendant") Motion to Dismiss and to Strike. (ECF No. 9.) Plaintiff Tifany Patterson ("Plaintiff") filed opposition (ECF No. 13) and Defendant replied (ECF No. 15). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated herein, the Court dismisses Plaintiff's Complaint without prejudice, and denies Defendant's Motion to Dismiss and to Strike as moot.

**I.**     **Plaintiff's Allegations**

On or about April 4, 2016, "Plaintiff purchased a necklace and a pair of sunglasses from Defendant's website, www.forever21.com."[1] (Compl. ¶ 6, ECF No. 1.) Defendant markets a variety of women's apparel throughout the State of New Jersey via its website. (*Id.* ¶ 10.) Plaintiff alleges that Defendant "imposed . . . unfair, one sided provisions in its Terms and Conditions in

---

[1] For the purpose of the instant decision, the Court accepts all factual allegations in the Complaint as true. The allegations included in this section are taken directly from Plaintiff's Complaint.

violation of certain statutory and common law standards and New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14 *et seq.*" (*Id.* ¶ 2.) Specifically, Plaintiff asserts that the "DISCLAIMER"[2] and "INDEMNIFICATION"[3] provisions within the "Terms and Conditions" (collectively, "the T&C Provisions") posted on Defendant's website unlawfully bind consumers and therefore violate the TCCWNA. (*Id.* ¶¶ 20-21, 30.)

Plaintiff advances several theories in support of the alleged TCCWNA violation. First, Plaintiff argues that Defendant's disclaimer violates the duty of care owed to Plaintiff because the provision "purport[s] to deprive Plaintiff of her right to a cause of action for any unreasonable risk of harm created by Defendant" and because "the provision purport[s] to absolve Defendant of its legal responsibility to exercise due care and refrain from creating an unreasonable risk of harm to consumers." (*Id.* ¶ 71-72.) For the same reasons, Plaintiff argues, the disclaimer violates the New Jersey Products Liability Act ("NJPLA"). (*Id.* ¶ 73.) Next, Plaintiff asserts that Defendant's indemnification provision violates New Jersey law because it unlawfully "indemnif[ies Defendant]

---

[2] The DISCLAIMER provision reads as follows:

> DISCLAIMER: This site and all contents of the site are provided on an 'as is' basis without warranties of any kind, either express or implied, including, without limitation, warranties of title or implied warranties of merchantability or fitness for a particular purpose. you [sic] acknowledge, by your use of the site, that your use of the site is at your sole risk, that you assume full responsibility for all costs associated with all necessary servicing or repairs of any equipment you use in connection with your use of our site, and that forever [sic] 21 shall not be liable for any damages of any kind related to your use of this site.

(*Id.* ¶ 20 (alteration in original).)

[3] The INDEMNIFICATION provision reads as follows:

> INDEMNIFICATION: You agree to defend, indemnify and hold Forever 21 harmless from and against any and all claims, damages, costs and expenses, including attorneys' fees, arising from or related to your use of the Site.

(*Id.* ¶ 30.)

2

against losses resulting from its own negligence" and because such a "unilateral contractual indemnity provision[]" is the "result of unequal bargaining power." (*Id.* ¶¶ 74-75.)

Plaintiff also contends that the T&C Provisions violate "common law, *N.J.S.A.* 56:8-161, *et seq*[.] and various Federal Regulatory Standards" because it "purport[s] to absolve Defendant of its duty as a business to protect consumers . . . from the illegal acts of third parties." (*Id.* ¶¶ 76-77.) Plaintiff alleges that the "Terms & Conditions" violate the New Jersey Punitive Damages Act ("NJPDA") because it "purport[s] to bar Plaintiff[] from seeking punitive damages for any and all harm caused by Defendant" and because it "purports to absolve Defendant of its legal obligation to refrain from maliciously and/or wantonly and/or willfully creating an unreasonable risk of harm to consumers." (*Id.* ¶ 78.)

Plaintiff's sole cause of action is a violation of the TCCWNA. (*Id.* ¶¶ 65-80.) Plaintiff and the proposed Class Members seek the statutory relief of "a civil penalty of not less than $100" for each violation of the TCCWNA. (*Id.* at 22-23.)

## II. Procedural Background

On August 19, 2016, Plaintiff filed a single-count putative class action complaint asserting that the Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (*Id.* ¶ 3.) On November 30, 2016, in addition to filing its Motion to Dismiss and Motion to Strike (Mot. to Dismiss & Mot. to Strike, ECF No. 9), Defendant filed a Motion to Stay (Mot. to Stay, ECF No. 10). Plaintiff opposed Defendant's Motion to Dismiss and Motion to Strike (Pl.'s Opp'n, ECF No. 13), but did not oppose Defendant's Motion to Stay (Pl.'s Resp., ECF No. 14). Defendant replied to both. (Reply to Pl.'s Opp'n, ECF No. 15; Reply to Pl.'s Resp., ECF No. 16.)

On February 7, 2017, the Court granted Defendant's Motion to Stay pending the Third Circuit's decision in *Russell v. Croscill Home LLC*, No. 16-3939 (3d Cir. Oct. 25, 2016). (ECF

3

No. 17.) In *Russell*, the plaintiff alleged that the defendant "imposed the unfair, one-sided provisions in its Terms & Conditions in violation of certain statutory and common law standards and [the TCCWNA.]" *Russell v. Croscill Home, LLC*, No. 16-01190 (D.N.J.), Compl. ¶ 2, ECF No. 1. The district court dismissed the plaintiff's complaint. *Russell*, No. 16-01190, ECF No. 17. Because the plaintiff did not suffer any concrete harm, the district court reasoned, not only did the plaintiff lack Article III standing but the plaintiff was also not an "aggrieved consumer" under the TCCWNA. *Id.* The plaintiff appealed, asserting that an intangible informational injury, rather than actual harm, was sufficient to support Article III standing. *Russell v. Croscill Home LLC*, 16-3939, (App. Opening Br.) On appeal, the parties in *Russell* sought the Third Circuit's interpretation of Article III standing in the TCCWNA context, in light of the U.S. Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). *Id.*

Defendants, in the present matter, argued that the matter should be stayed because the "Third Circuit will consider whether an identically-situated plaintiff . . . is an 'aggrieved consumer,' as required by Section []17 of the [TCCWNA.]" (Mot. to Stay, ECF No. 10.) Plaintiff did not oppose the stay "to the extent that the Court [sought] guidance from the Third Circuit . . . addressing the same question as to the meaning of 'aggrieved consumer'" within Section 17 of the TCCWNA.[4] (Pl.'s Resp., ECF No. 14.) The Court granted the stay, noting that "several cases are currently on appeal to the . . . Third Circuit, seeking the Third Circuit's interpretation of standing in light of *Spokeo, Inc.*" (ECF No. 17.) The Third Circuit, however, dismissed *Russell* on May 16, 2018, after the parties filed a stipulation of dismissal. *Russell*, No. 16-1190, ECF No. 19.

Although the Third Circuit never provided the anticipated guidance in *Russell*, a recent New Jersey Supreme Court case, *Spade v. Select Comfort Corp.*, 232 N.J. 504 (N.J. 2018),

---

[4] In *Russell*, plaintiff filed a Complaint that is remarkably similar to the Complaint in this matter; indeed, plaintiffs in both cases share the same counsel.

4

addressed an issue that is determinative of the Court's subject matter jurisdiction in this matter, as currently pled by Plaintiff: the meaning and scope of an "aggrieved consumer" under the TCCWNA.

Here, whether the Court has subject matter jurisdiction on the grounds Plaintiff has currently pled is dependent on whether Plaintiff is an "aggrieved consumer" under the TCCWNA. Specifically, the CAFA requires Plaintiff to plead a minimum of $5,000,000 in controversy as to the class, and Plaintiff has done so. Plaintiff's right to relief under the TCCWNA, however, depends upon whether Plaintiff is an "aggrieved consumer." Accordingly, if Plaintiff is not an "aggrieved consumer" under the TCCWNA, then Plaintiff cannot satisfy CAFA's minimum amount-in-controversy requirement. The remainder of this opinion analyzes these issues and the guidance provided by *Spade*.

### III. <u>Legal Standard</u>

#### A. *Federal Subject Matter Jurisdiction*

Federal courts, as courts of limited jurisdiction, presume a lack of jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The party seeking to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *Id.* Furthermore, federal courts must inquire into the court's subject matter jurisdiction *sua sponte* "when subject matter jurisdiction is in question." *Shaffer v. GTE N., Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citation omitted); *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002) ("Court[s have] a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction.") "Under Federal Rule of Civil Procedure 12(h)(3), '[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'" *Chin v. Xerox Corp.*, No. 11-3069, 2012 WL 6027169, at *4 (D.N.J. Dec. 4, 2012) (quoting Fed. R. Civ. P. 12(h)(3)).

**B.** *Class Action Fairness Act*

The CAFA confers original jurisdiction on district courts where: (1) the amount in controversy exceeds $5,000,000, as aggregated across all individual claims; (2) the parties are minimally diverse; and (3) the class consists of at least 100 or more members. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (citing 28 U.S.C. § 1332(d)). Even if the parties do not dispute jurisdiction under the CAFA, the Court "must nevertheless satisfy [itself] that federal subject matter jurisdiction exists in the first instance." *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citation omitted). A "case may be dismissed for failure to meet the amount in controversy requirement if it appears to a 'legal certainty' that" the plaintiff cannot recover the amount claimed. *Onyuike v. Cheap Tickets, Inc.*, 435 F. App'x 137, 139 (3d Cir. 2011); *Judon v. Travelers Prop. Cas. of Am.*, 773 F.3d 495, 505 (3d Cir. 2014) (citation omitted). "It necessarily follows that whether the claims [meet] the jurisdictional amount depends on what damages a plaintiff could conceivably recover under state law." *Onyuike*, 435 F. App'x at 139.

**C.** *New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act*

By passing the TCCWNA, the New Jersey "Legislature sought not to confer new legal rights, but to require sellers 'to acknowledge clearly established consumer rights,' and 'to provide[] remedies for posting or inserting provisions contrary to law.'" *Spade*, 232 N.J. at 515-16 (quoting *Shelton v. Restaurant.com, Inc.*, 214 N.J. 419, 432 (2013). A plaintiff pursing a claim for violation of the TCCWNA must establish four elements:

> [F]irst that the defendant was a 'seller, lessor, creditor, lender or bailee or assignee of any of the aforesaid'; second, that the defendant offered or entered into a 'written consumer contract or [gave] or display[ed] any written consumer warranty, notice or sign'; third, that at the time that the written consumer contract is signed or the written consumer warranty, notice or sign is displayed, that writing contains a provision that 'violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee' as established by State or Federal law; and finally, that the plaintiff is an 'aggrieved consumer.'

*Spade*, 232 N.J. at 516 (quoting N.J.S.A. §§ 56:12-15 to 17). Any seller who violates the TCCWNA is "liable to the aggrieved consumer for a civil penalty of not less than $100 or for actual damages, or both . . . together with reasonable attorneys' fees and court costs." *Id.* at 523.

In *Spade*, the New Jersey Supreme Court decided two questions the U.S. Court of Appeals for the Third Circuit certified to it. The questions related to two putative class actions in which the plaintiffs entered into sales contracts that allegedly violated New Jersey's Furniture Delivery Regulations ("FDR"). 232 N.J. at 508. The FDR regulates the language that must be included in every furniture sales contract in New Jersey. *Id.* at 510-11. Although the *Spade* plaintiffs' furniture was undamaged and timely delivered, the language of the governing sales contract allegedly did not comply with the FDR because it contained "affirmative misrepresentations" concerning the availability of a refund. *Id.* at 512-13. The district court consolidated the two class actions, dismissed the complaints, and held that the plaintiffs were not "aggrieved consumers" under the TCCWNA because they were not adversely affected by the alleged violations and, therefore, could not state a claim for relief. *Id.* at 513-14. The plaintiffs appealed. *Id.* at 514.

On appeal, the plaintiffs disputed the district court's determination that they were required to establish actual harm to recover under the TCCWNA. *Id.* at 521. The Third Circuit "determined that the appeals raised important and unresolved questions of New Jersey law." *Id.* at 514. In 2016, the Supreme Court of New Jersey accepted the Third Circuit's certification of two questions:

> (1): Does a violation of the [FDR] alone constitute a violation of a clearly established right or responsibility of the seller under the TCCWNA and thus provides a basis for relief under the TCCWNA?
>
> (2): Is a consumer who receives a contract that does not comply with the FDR, but has not suffered any adverse consequences from the noncompliance, an "aggrieved consumer" under the TCCWNA?

*Id.* at 508-09. Regarding the first question, the New Jersey Supreme Court held that a violation of a state regulation can constitute a "violation of a clearly established right," and therefore, a

7

violation of the FDR could be actionable under the TCCWNA. *Id.* at 517-20. The New Jersey Supreme Court also held, however, that a plaintiff must be an "aggrieved consumer" to recover under the TCCWNA. *Id.* at 524.

In defining an "aggrieved consumer," the New Jersey Supreme Court looked at the language of the TCCWNA,[5] and found that, in Section 15 the term "consumer is not modified by 'aggrieved.'" *Id.* at 520-21. In contrast, Section 17—the provision that provides for relief—requires the party to be an "aggrieved consumer." *Id.* at 521. By using the modifier "aggrieved" in Section 17, the *Spade* court reasoned, the Legislature intended "aggrieved consumer" to have a different meaning than "consumer." *Id.* at 521-22. Accordingly, the New Jersey Supreme Court held that an "aggrieved consumer" is a consumer who has been *harmed* by a violation of the TCCWNA. *Id.* at 524 (emphasis added).

The New Jersey Supreme Court provided two examples that clarify the harm an "aggrieved consumer" must suffer to be entitled to a civil penalty under the TCCWNA. A "consumer [who, as a result of the furniture seller's untimely delivery,] would have sought a refund had he or she

---

[5] Section 15 of the TCCWNA states:

> No seller . . . shall in the course of his business offer to any *consumer* or *prospective consumer* or enter into any written consumer contract or give or display any written consumer warranty, notice or sign . . . which includes any provision that violates any clearly established legal right of a *consumer* or responsibility of a seller . . . as established by State or Federal law at the time the offer is made or the *consumer* contract is signed or the warranty, notice or sign is given or displayed.

N.J. Stat. Ann. § 56:12-15 (West) (emphasis added). Section 17 of the TCCWNA states:

> Any person who violates the provisions of this [A]ct shall be liable to the *aggrieved consumer* for a civil penalty of not less than 100.00, or for actual damages, or both at the election of the consumer, together with reasonable attorney fees and court costs.

N.J. Stat. Ann. § 56:12-17 (West) (emphasis added).

not been deterred by the 'no refunds' language prohibited by [the FDR,]" may be an "aggrieved consumer." *Id.* at 523. On the other hand, a consumer, who "entered into a sales contract containing a provision that violated [the FDR], but his or her furniture was delivered conforming and on schedule, and he or she . . . incurred no monetary damages or adverse consequences, . . . has suffered no harm," and "[s]uch a consumer is not an 'aggrieved consumer' under [the TCCWNA.]"[6] *Id.* at 524.

## IV. Discussion

Plaintiff contends that "[j]urisdiction is proper in this Court pursuant to the [CAFA] because members of the proposed Class are citizens of states different from Defendant's home state, there are more than 100 Class Members, and the amount-in-controversy exceeds $5,000,000 exclusive of interest and costs." (Compl. ¶ 3.) Plaintiff and the Class Members seek "$100 . . . for each violation of the TCCWNA." (*Id.* ¶ 79.) Such statutory relief is appropriate, Plaintiff argues, because Defendant violated certain clearly established laws by imposing its unlawful "Terms & Conditions" upon its customers. Plaintiff argues that because she purchased items from Defendant's website, and because Defendant's website contains language that allegedly violates certain New Jersey laws, the alleged violations entitle Plaintiff and the proposed Class Members to statutory relief under the TCCWNA.

Although Defendant does not contest the Court's jurisdiction under the CAFA, the Court considers the matter in light of the New Jersey Supreme Court's interpretation of an "aggrieved consumer" in *Spade*. Specifically, the holding in *Spade* is determinative of whether Plaintiff is

---

[6] The New Jersey Supreme Court also found that the "harm" a consumer must suffer was not "limited to injury compensable by monetary damages." *Id.* at 523. The New Jersey Supreme Court looked to the statute's provision for a "civil penalty of not less than $100.00 or . . . actual damages, or both at the election of the consumer," to reach the conclusion that "a consumer may be entitled to a remedy notwithstanding the absence of proof of monetary damages." *Id.*

9

(i) an "aggrieved consumer," (ii) entitled to statutory relief, and (iii) can satisfy CAFA's $5,000,000 minimum requirement.

The Court limits its review to element four of the TCCWNA—whether Plaintiff is an "aggrieved consumer"—as that alone is sufficient to decide the subject matter jurisdiction inquiry. Plaintiff has sufficiently pled, for subject matter jurisdiction purposes, that the T&C Provisions violated a clearly established legal right. Plaintiff, however, has not sufficiently pled the requisite harm that would entitle her, and similarly situated members of the proposed class, to relief under TCCWNA.

The Court finds that Plaintiff is not an "aggrieved consumer" as defined in the TCCWNA and clarified in *Spade*. Plaintiff's contention that Defendant's alleged violations of certain New Jersey laws, without any alleged harm arising from the violations, entitles her to relief under the TCCWNA is vitiated by the New Jersey Supreme Court's holding in *Spade*. *Id*. at 509 ("[A] consumer who receives a contract that includes" prohibited language "but who suffers no . . . harm as a result of that noncompliance, is not an 'aggrieved consumer' entitled to a remedy under the TCCWNA."). Specifically, like the plaintiffs in *Spade*, Plaintiff has not alleged that she was prevented from returning the items or otherwise pursuing any remedies relating to the purchased items or that Defendant attempted to enforce the T&C Provisions to Plaintiff's detriment. Plaintiff's allegations mirror the hypothetical consumer, in *Spade*, who entered into a sales contract, that contained a provision allegedly violating a New Jersey statute, but received timely delivery of conforming goods. *Id*. at 524. The New Jersey Supreme Court stated such a consumer was not an "aggrieved consumer," and thus was not entitled to relief under the TCCWNA. *Id*. Here, the Court reaches the same conclusion—Plaintiff is not an "aggrieved consumer."

As a result of the Court's finding that Plaintiff is not an "aggrieved consumer," the Court

10

finds that Plaintiff has not met her burden of establishing CAFA's $5,000,000 minimum requirement. *Judon*, 773 F.3d at 505; *see also Kokkonen*, 511 U.S. at 377. Because she is not an "aggrieved consumer," Plaintiff is not entitled to a civil penalty of a minimum $100, actual damages,[7] or both, pursuant to Section 17 of the TCCWNA. Plaintiff, as a result, cannot establish that the putative class members would be entitled to an aggregated sum of $5,000,000, or more, to satisfy the CAFA minimum amount in controversy. *See Onyuike*, 435 F. App'x at 139. The Court, accordingly, finds that it lacks subject matter jurisdiction and must *sua sponte* dismiss the Complaint. Fed. R. Civ. P. 12(h)(3).

Plaintiff did not have the benefit of *Spade* at the time she filed the Complaint. The Court, accordingly, grants Plaintiff leave to file an Amended Complaint.

## V. Conclusion

For the reasons set forth above, the Court dismisses the Complaint. Defendant's Motion to Dismiss and Motion to Strike are denied as moot. An order consistent with this Memorandum Opinion will be entered.

*[signature]*

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff has not pled that she, or the Class Members, are entitled to actual damages. From the allegations in the Complaint it appears that such damages are unavailable to Plaintiff.

11